B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

District of Idaho

In re  Chelsey Lynn Tenhonen

Case No. _____

**Debtor**

Chapter 7

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

[✓] **FLAT FEE**

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,600.00

   Prior to the filing of this statement I have received. . . . . . . . . . . . . . . . . . . . . . . $ 1,600.00

   Balance Due. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

[ ] **RETAINER**

   For legal services, I have agreed to accept a retainer of . . . . . . . . . . . . . . . . . . . . $ _____

   The undersigned shall bill against the retainer at an hourly rate of . . . . . . . . . . . $ _____

   [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2. The source of the compensation paid to me was:

   [✓] Debtor        [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [✓] Debtor        [ ] Other (specify)

4. [✓] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the Agreement, together with a list of the names of the people sharing the compensation is attached.

5. In return of the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d. [Other provisions as needed]

Negotiations with secured creditors to reduce market value; exemption planning, preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods; claim disputes; and relief from stay actions.

By agreement of the debtor(s), the above disclosed fees are a minimum fee in connection with this case.

If elected, client paid an additional $37 for an individual credit report or $60 for a joint credit report.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

Representation of Debtor in any dischargeability actions, judicial lien avoidance, Rule 2004 exams, preparation and filing of reaffirmation agreements and applications, preparation and filing of necessary amendments, or any adversary proceeding.

Motions to dismiss or convert this case to any other chapter.

Valuation/exemption disputes with the Trustee.

In the event that this matter requires work not covered by this minimum fee, additional services shall be charged at the following hourly rate: $250.00 per hour for all services provided by an attorney and up to $90.00 per hour for any Paralegal services

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

06/03/2024          /s/ Christopher Williams, 9827

Date          *Signature of Attorney*

Kootenai Bankruptcy, PLLC

*Name of law firm*
8475 N. Government Way
#101
Hayden, ID 83835

# Kootenai Bankruptcy

8475 N Government Way
#101
Hayden, ID 83835
www.KootenaiBankruptcy.com

Phone: 208-719-0232
Chris@KootenaiBankruptcy.com

## BANKRUPTCY LEGAL REPRESENTATION AGREEMENT[1]

THIS AGREEMENT is entered into in Kootenai County, Idaho by and between __Chelsey Tenhonen__ of __Osburn__, ID (hereinafter together referred to as "Client") and Kootenai Bankruptcy, PLLC of 8475 N Government Way #101, Hayden, ID 83835 (hereinafter "Counsel" or the "Attorney").

OUR LAW FIRM IS A DEBT RELIEF AGENCY. WE HELP PEOPLE FILE FOR BANKRUPTCY RELIEF UNDER THE BANKRUPTCY CODE.

In consideration for services to be rendered to undersigned Client's ("Client") by Attorney __Christopher Williams__, ("Attorney") located at __Kootenai Bankruptcy__, in connection with representing Client regarding bankruptcy matters, Client, jointly and severally agrees to pay Attorney as follows:

1. A total amount of $__1600.00__ is required to be paid for representation in Client's Chapter 7 or Chapter 13 bankruptcy case. An additional __X__ $338 or ____ $313 is to be paid by Client for the court filing fee of the bankruptcy petition. For purposes of a Chapter 13 bankruptcy "Total Amount" is the initial deposit and subject to further attorney's fees billed at the hourly rate stated herein.

A retainer of $__250.00__ was paid on __04/15/2024__ A retainer is an advance payment for Attorney services and the expenses Attorney may incur on Client's behalf and does not cover the court filing fee. Client understands that such amount will be credited against any amount Client owes Attorney and **will not be refunded** regardless of whether Client decides to cancel filing of the bankruptcy petition or not.

---

[1] Version 2024.01.01

   An additional $250 will be added to the attorneys' fees if all documents required to file bankruptcy are not received within NINETY days of the effective date of this agreement, unless Attorney agrees in writing to extend such date. Attorney may require an ACH withdrawal form be signed if the case is not filed within 90 days at their discretion.

   Client is required to pull a credit report through Attorney's office and has agreed to an additional fee of __X__ $37 for a single credit report, _____ $60 for a joint credit report.

   Client understands that the original consultation initially provided at no cost by Attorney becomes billable work that attorney may elect to charge for once Attorney is retained by client.

   Client understands and agrees that Attorney will bill against Client's retainer at Attorney's ordinary hourly rate if Client elects to not file their bankruptcy petition, they are ineligible to file a Chapter 7 bankruptcy, their file with Attorney is closed under Section 1, or does not file for any other reason. **Client and Attorney agree that the Administrative Cost of opening the bankruptcy file with our office is at least $500, and if Client requests a refund, at no point will Attorney bill less than $500, regardless of time spent on the case. In the case of a refund request, Client and Attorney further agree that Attorney will bill for no less than an additional $250 for every three months that the file is open with our office and the case remains unfiled.** Administrative Cost includes, but is not limited to, the costs of advertising that initialized the initial consultation, office work in opening the file, paralegal work in preparing documentation and client communication, periodic review of open and unfiled cases, and the attorney's hourly work.

   Client understands that if any check given in payment to Attorney is returned for insufficient funds, Client agrees to immediately pay Attorney a $40.00 fee in addition to the amount of the returned check. This payment and any future payments must therefore be made in cash, money order or debit card. If Client does not make that payment immediately, Attorney, at their discretion, may withdraw from representation.

   CHAPTER 13 ONLY: Attorney's fees remaining owed after Client's Chapter 13 case is filed will be paid through the bankruptcy plan.

 2. Attorney reserves the right to withdraw from Client representation if, among other things, Client fails to honor the terms of this Agreement, including non-payment of Attorney and court filing fees; Client fails to cooperate or follow advice on a material matter, or if any fact or circumstance arises or is discovered that would render continuing representation unlawful or unethical. Client is aware of an ethical requirement imposed upon all Attorneys in this state. If a Client, in the course of representation by an Attorney, perpetrates a fraud upon any person or tribunal, the Attorney is obligated to call upon the Client to rectify the same. If the Client refuses or is unable to do so, the Attorney is required to reveal the fraud to the affected person or tribunal. If Attorney withdraws from representation under this section, Client agrees a refund will not be made of any funds to Client.

3. Since the outcome of negotiations and litigation is subject to factors which cannot always be foreseen, Client acknowledges and understands that Attorney has made no promises or guarantees to Client concerning the outcome and is unable do so. Nothing in this Bankruptcy Retainer Agreement shall be construed as such a promise or guarantee.

4. Client agrees that Attorney may discard Client records after five (5) years of the completion of the Client's bankruptcy case. It is Client's responsibility to pick up any original documentation left with Attorney's office.

5. Attorney shall provide Client with the following services:

a. Review and analyze Client's financial circumstances based on information provided by Client.
b. If possible and to the extent possible, based on the information provided by Client, advise Client of the Clients options, including but not limited to bankruptcy options.
c. Inform Client what information Client needs to provide Attorney in order to allow Attorney to provide appropriate advice and option information, in the event such information Client provided is insufficient.
d. Advise Client of the appropriate requirements in connection with the filing of a Chapter 7 or Chapter 13 bankruptcy, including the duties of Client connected with such filing.
e. Quote the Client an estimated fee, to the extent possible given the information provided by Client, for the Attorneys service relative to providing bankruptcy assistance or other legal services to Client.
f. All typical Attorney required participation in such proceeding, including but not limited to, appearances at Court hearings, preparation of legal memoranda, and communication with opposing counsel and parties.
g. If Client's proceeding requires additional, but not customary work, Attorney will inform Client directly, and enter into a separate written contract for such services to fully apprise Client of the fees, payment requirements, and expected services to be provided.

6. Client acknowledges his/her obligation to make full and complete disclosure of all assets and all liabilities, and to provide all documents and information requested by the Attorney, before the bankruptcy petition can be prepared and filed with the court.

7. Client acknowledges that he/she must attend pre-petition credit counseling before the bankruptcy petition can be filed. Client understands that he/she must also attend post-petition counseling after the bankruptcy petition is filed and within the time frame allowed by statute. Client acknowledges that the bankruptcy cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling course. Client understands that no discharge of debts will be issued if the post-bankruptcy credit counseling is not completed within the statutory time frame.

8.   Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Client's bankruptcy case. The Attorney may make a special appearance in a court, other than the Bankruptcy Court, for the purpose of filing a notification of Client's bankruptcy proceedings, and to suggest to another court that Client's proceedings should be stayed. Sending or receiving any summons or complaint, or notifying the Attorney of a pending lawsuit does not obligate the Attorney to represent Client in that lawsuit or before that court. Any representation of Client in a state court proceeding, including without limitation: collection lawsuits, foreclosure lawsuits, and etc., is not included in this Bankruptcy Retainer Agreement. Any referral made to another Attorney to represent Client is a courtesy only. The Attorney is not associated with any other Attorney outside of the undersigned Attorney's law offices.

9.   Client acknowledges that the Attorney **will not research** creditor information, including addresses, account numbers, or balances. The Client must provide this information to the Attorney in writing. Failure to do so may result in unscheduled debts subject to non-dischargeability.

10.   Client agrees that the following matters are not included within the scope of this Bankruptcy Retainer Agreement. Client agrees that, as to the matters listed below, the Attorney will not take any action on Client's behalf, without a written request and/or a separate Retainer Agreement and possibly an additional retainer:

   a. Motions to revoke a discharge.
   b. Removal of a pending action in another court.
   c. Obtaining title reports.
   d. The determination of real estate or tax liens.
   e. Appeals to the BAP, District Court of Court of Appeals.
   f. Correcting credit reports.
   g. Negotiations with Check Systems regarding Client.
   h. Motions to Dismiss clients' bankruptcy case filed by the Trustee, U.S. Trustee, or any creditor.
   i. Any adversary proceeding filed by the Trustee, U.S. Trustee, or any other party on any basis, including, without limitations, proceedings to determine dischargeability of debts.
   j. Preparing reaffirmation agreements, negotiating the terms of reaffirmation agreements proposed by creditors, motions to redeem personal property, and negotiating reaffirmation agreements when Client's income is not sufficient to rebut the presumption of undue hardship and special circumstances do not warrant the signing of a reaffirmation agreement.
   k. Motion to impose or extend the bankruptcy stay.
   l. Objections to Discharge.

11.   Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Client's bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy. Client further understands that the list of non-

dischargeable debts may be expanded by legislation or court decisions and Attorney has no control over the type of debts that may be or become non-dischargeable.

    a. Certain types of taxes, custom duties, or debts to pay taxes or custom duties.
    b. Student loans.
    c. Debts owed for spousal or child support.
    d. Debts owed to the spouse, former spouse, or child in a domestic relations proceeding.
    e. Debts arising from a previous bankruptcy wherein discharge of that particular debt was waived.
    f. Debts owed for money, property, services, extension-or-removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud.
    g. Consumer debts for luxury goods obtained within ninety (90) days of the date of filing of the bankruptcy petition.
    h. Cash advances obtained within seventy (70) days of the date of the filing of the bankruptcy petition.
    i. Debts owed for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny.
    j. Debts owed for fines, penalties, or forfeitures payable to and for the benefit of governmental entity.
    k. Debts owed for death or personal injury arising from the operation of a motor vehicle, boat, or aircraft while intoxicated by drugs or alcohol.
    l. Debts owed to a spouse, former spouse, or child that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.

    12. Client understands that filing bankruptcy does not automatically discharge or remove liens from any real estate. Client agrees that the Attorney will not take any action to avoid (remove) any lien on real estate unless Client specifically authorizes the Attorney to do so in writing. Client agrees that the Attorney will rely on Client's statements concerning ownership of real property and any liens attached to Client's real property. Client agrees that no real estate title search will be conducted. Client agrees that Attorney will not conduct a public records search for lawsuits filed against Client or judgments granted against Client. Client must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if client wishes to obtain one. **Client agrees to hold the Attorney harmless if client later discovers liens, lawsuits or judgments against Client or against Client's real estate.**

    13. Client understands that individuals who file for relief under Chapter 7 or Chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee. If Client's case is selected for an audit, Client agrees to pay Attorney the customary hourly rate for representing Client in such audit.

    15. **Tax Refunds and Tax Return**: Client understands that if Client files a tax return while their bankruptcy case is open, they are required to send the Tax Return to the Chapter 7 bankruptcy trustee. They also understand that any tax refund received by client while the

bankruptcy case is open is subject to seizure and distribution within the bankruptcy case. Client understands that in a Chapter 13 bankruptcy, all tax refunds are required to be turned over to the Chapter 13 Trustee during the pendency of the case.

**Fee Schedule**: Any of the following matters in addition to the core bankruptcy will require a separate representation agreement and additional fees at the following amounts:

| Reaffirmation Agreement | $125 |
|---|---|
| Amendments | $125 |
| Adding Creditors | $125, plus court fee of $34 |
| Expedite petition (file within two weeks of retain) | $300 |
| Rescheduled 341 meeting | $125 |
| Any other additional work | Hourly |
| Missed Appointment | $125 |
| Fee for printing documents after bankruptcy has closed | $10 minimum, $0.20 per page. |

An Attorney's hourly billing rate is $300. A Paralegal's hourly billing rate is $125.

**Additional Disclosures:**

| | |
|---|---|
| I understand that the information I am providing must be true and correct to the best of my knowledge under penalty of perjury. The FBI investigates and the United States Attorney prosecutes bankruptcy fraud. | CT |
| I understand that it is my responsibility to fully complete all parts of the worksheet and/or NextChapter online forms. | CT |
| I will double check to make sure the spelling of my name and social security number is accurate as well as clearly and correctly printed. | CT |
| I understand that I must list all of my creditors and that if I do not list a creditor, it may not be listed in my bankruptcy petition, and I run the risk of owing that creditor after my bankruptcy case is closed. | CT |
| I acknowledge that the Attorney has informed me that I am not to use any of my credit cards after the initial consultation, and I agree not to use my credit cards, including for this case's attorney's fees. | CT |
| I understand that I must continue to make payments on any secured debts (mortgage, automobiles, property, etc.) that I intend to keep. If I fail to make payments on these debts, I risk foreclosure/repossession. | CT |
| I understand that regardless of when I file my bankruptcy during the year, I run the risk of losing my tax refund. | CT |
| I understand that I must provide my **Driver's License** and my **Social Security card** to Attorney prior to filing. | CT |

15. Client acknowledges that Client has read and understands all the terms contains in this Bankruptcy Retainer Agreement and that, whether written, spoken, recorded or transcribed by any other means, no other terms are made part of this Bankruptcy Retainer Agreement. Client is in agreement with the terms of this agreement and has signed on the signature lines below. Client further acknowledges that Client has received a copy of this Bankruptcy Retainer Agreement.

**DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

**NOT CONSTRUED AGAINST DRAFTER.** This Agreement shall be construed without regard to any presumptions against the party preparing this document.

**ENTIRE AGREENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties, unless modified by subsequent agreement as further described.

**SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**MODIFICATION BY SUBSEQUENT AGREEMENT.** This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both parties.

**EFFECTIVE DATE.** This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of this Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT.

DATED: __04/15/2024__    Client Signature: *Chelsey Tenhonen*

　　　　　　　　　　　　　　　　Printed Name __Chelsey Tenhonen__

DATED:_____    Joint-Client Signature: _____

　　　　　　　　　　　　　　　　Printed Name: _____

DATED: __04/15/2024__    Kootenai Bankruptcy, PLLC

　　　　　　　　　　　　　　　　By _____

　　　　　　　　　　　　　　　　Print Name __Christopher William__

　　　　　　　　　　　　　　　　Title __Attorney__